UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.　　　　　　　　　　　　　　　　CASE NO. 8:16-CR-309-T-17TBM

HOWRONDA OVERSTREET.

_____/

ORDER

This cause is before the Court on:

Dkt. 42　　Motion for Review of Restitution Amount While in Custody
Dkt. 46　　Response in Opposition

Defendant Howronda Overstreet requests review of the amount of Defendant's restitution payment while in custody. Defendant Overstreet is now scheduled to pay $193.00 per month. Defendant Overstreet requests that the Court amend Defendant's Judgment and Commitment to suspend restitution payments until Defendant Overstreet is released, or have it set at a fixed amount of $25.00 each quarter. Defendant Howronda Overstreet argues that the BOP includes funds that are sent in to Defendant's commissary account by family and friends to determine how much the BOP will deduct from Defendant's account to repay restitution while incarcerated, and Defendant Overstreet is punished for not being able to make FRP payments.

The Government responds that Defendant Overstreet has not demonstrated that there has been a material change in Defendant Overstreet's circumstances from those contemplated by the Court at the time of Defendant's sentencing. The Government attached a print-out of Defendant Overstreet's account (Dkts. 46-2, 46-3), showing deposits, sales transactions, and FRP payments.

Case No. 8:16-CR-309-T-17TBM

I. Discussion

Pursuant to a written Plea Agreement (Dkt. 4), Defendant Overstreet pled guilty to Counts One and Two of the Information, violations of 18 U.S.C. Sec. 641, Theft of Government Funds. Defendant Overstreet waived Indictment, and was sentenced on February 3, 2017. (Dkts, 29, 32, 34). Defendant Overstreet was sentenced to 57 months imprisonment (concurrent), 36 months supervised release (concurrent), fine waived, restitution of $679,302.00, and a forfeiture money judgment of $14,390.00. Defendant Overstreet was represented by retained counsel throughout this case.

At sentencing, Defendant Overstreet reported she had no significant assets. (Dkt. 25, Pars. 98-99). At sentencing, Defendant Overstreet did not object to the amount of restitution, or the manner in which the restitution was to be paid. The Court notes that Defendant Overstreet's Plea Agreement includes an appeal waiver (Dkt. 4, pp. 13-14).

Defendant Overstreet's Final Judgment states:
### SCHEDULE OF PAYMENTS
Defendant shall pay restitution in the amount of $679,302.00 to the Internal Revenue Service. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-UNICOR job or (2) pay at least 50% of his monthly earnings if the defendant has a UNICOR job. **Upon release from custody**, the defendant shall make monthly payments of no less than $150.00, and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

2

Case No. 8:16-CR-309-T-17TBM

(Dkt. 32, p. 5).

The Bureau of Prisons operates an Inmate Financial Responsibility Program in which all inmates with obligations, including special assessments, restitution, fines and court costs, and other federal financial obligations, are encouraged to develop a financial repayment plan with institution staff. See 28 C.F.R. Secs. 545.10-11; BOP Program Statement PS 5380.08, Financial Responsibility Program (Dkt. 46-1).

18 U.S.C. Sec. 3664(k) provides:

(k) A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

"A defendant who disputes his ability to pay restitution bears the burden of demonstrating his financial resources by a preponderance of the evidence." See United States v. Brand, 163 F.3d 1268, 1280 (11th Cir. 1998); 18 U.S.C. Sec. 3664(e).

The Court further notes that a restitution payment schedule should only be altered if there is a bona fide change in Defendant Overstreet's financial condition that affects her ability to pay restitution. See Cani v. United States, 331 F.3d 1210, 1215-16 (11th Cir. 2003).

The Court notes that Defendant Overstreet did not object to the calculation of restitution at sentencing or on direct appeal, nor has Defendant Overstreet

Case No. 8:16-CR-309-T-17TBM

demonstrated the existence of exceptional circumstances that would excuse Defendant Overstreet's failure. Defendant Overstreet has waived her right to object to the initial restitution calculation.

Defendant Overstreet now challenges only the manner in which the BOP is executing collection of Defendant's restitution obligation. Defendant Overstreet also complains that there are adverse consequences to non-participation in the Inmate Financial Responsibility Program.

After consideration, the Court finds that Defendant Overstreet has not established by a preponderance of the evidence that there has been a material change in Defendant's economic circumstances from those contemplated by the Court at the time of sentencing. The Court therefore denies Defendant Overstreet's request to amend the Final Judgment to suspend restitution payments until Defendant Overstreet is released. Accordingly, it is

**ORDERED** that Defendant Overstreet's Motion for Review of Restitution Amount While in Custody (Dkt. 42) is **denied.** The Clerk of Court **shall provide** a copy of this Order to pro se Defendant Overstreet by U.S. Mail.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 16th day of October, 2017.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Case No. 8:16-CR-309-T-17TBM

Howronda Overstreet
67678-018
Alderson Federal Prison
P.O. Box A
Unit A2
Alderson, WV   24910